(106 So. 296)

No. 27552.

## STATE v. PATTERSON.

### In re PATTERSON.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⟜1083—State judge, after conviction and appeal, held to have jurisdiction to permit whisky to be loaned to federal authorities for use in other prosecution.**

An order of state district court, entered after conviction of accused for possession of whisky, and after his appeal therefrom had been perfected, directing that the whisky seized be turned over to United States officers for use as evidence in a prosecution in federal court to be returned to the clerk of district court upon determination of such case for destruction, pursuant to Act No. 39 Ex. Sess. 1921, §§ 5 and 6, *held* within the discretionary powers of the district judge and not a forbidden exercise of jurisdiction.

2. **Criminal law ⟜1083—Trial court divested by appeal of jurisdiction only as to matters contested on appeal.**

Granting of appeal in a criminal action does not divest trial court of jurisdiction over every phase of the action, but only in so far as issues contested on appeal are concerned, and as to other matters trial court may render interlocutory orders and definitive judgments.

O'Neill, C. J., and Rogers, J., dissenting.

Original application by Alonzo Patterson for writs of certiorari and prohibition against the State of Louisiana, to review an order entered by the criminal district court of the parish of Orleans that certain whisky seized in the possession of the relator be turned over to the United States Marshal for use in another case against the relator in the federal court. Application dismissed.

St. Clair Adams and Wm. J. O'Hara, both of New Orleans, for relator.

Percy Saint, Atty. Gen., Henry Mooney, Dist. Atty., C. C. Luzenberg, Jr., Asst. Dist. Atty., and Wayne G. Borah, U. S. Dist. Atty., all of New Orleans, for the State.

BRUNOT, J. Relator was charged with a violation of section 3 of Act 39 Ex. Sess. 1921. His premises had been raided, and 1,584 quarts of whisky were found in his possession. Relator was tried in the criminal district court of the parish of Orleans; he was adjudged guilty of having whisky in his possession for sale for beverage purposes, and was sentenced for that offense. In passing sentence, the trial judge, pursuant to the provisions of sections 5 and 6 of Act 39 of 1921, ordered the destruction of the whisky. Relator appealed from the judgment and sentence, and thereafter, upon the joint motion of the United States district attorney, representing the Department of Justice of the United States, and the assistant district attorney of the parish of Orleans, representing the state of Louisiana, wherein it is shown that the whisky found in relator's possession was necessary evidence in a prosecution then pending in the United States District Court for the Eastern District of Louisiana against relator and other persons, the trial judge issued the following order:

"It is hereby ordered that Edward A. Haggerty, clerk of the criminal district court for the parish of Orleans, turn over to the United States marshal, his deputy or deputies, 1,584 quarts of whisky, held in the case of the State of Louisiana v. Alonzo Patterson, section D, which case resulted in a verdict of guilty as charged under the second count, and not guilty as to the first count, on August 31, 1925, to be used as evidence in the causes now pending in the United States District Court, to wit, United States v. Alonzo Patterson et al., and upon the final disposition of the aforesaid cases to be returned to the aforesaid clerk of the criminal district court, Edward A. Haggerty, to be destroyed in accordance with an order rendered by this court on August 31, 1925."

Relator attacks this order, and in his brief directs our attention to certain points. The first two points only draw the distinction between the trial court's ministerial duties and those duties involving the exercise of judicial discretion. These points need not be con-

sidered here, for they are merely preliminary to what follows. Relator contends:

"That the granting of an appeal in criminal cases divests the trial courts of jurisdiction in so far as the performance of any act requiring the exercise of judicial discretion or judgment is concerned; the jurisdiction of the appellate court attaches as soon as the order of appeal is made and its terms are complied with. The inferior court has no longer authority to take any steps but such as may be necessary to transmit the record to the Supreme Court."

[1, 2] The correctness of the principles announced by relator is unquestioned. Those principles are thoroughly and irrevocably imbedded in the jurisprudence of the state; but they relate only to the perpetuation of the status of the case as it existed at the moment the appeal was perfected. They have no application to matters and things not a part of and in no way connected with or having any bearing whatever upon the case, either as it was presented to the trial court, or upon the record of the case as it is presented to the appellate court.

Certain whisky was offered in evidence on the trial of relator in the criminal district court. After the trial and conviction of relator, and after he had perfected his appeal, the judge of the criminal district court issued the order complained of. This order merely authorizes the United States District Court to use this evidence in the prosecution of a criminal case against relator which is now pending in that court.

We have inquired into relator's application carefully, and we can see nothing in it which calls for the exercise of our supervisory powers. As the respondent judge correctly says, the granting of an appeal does not divest the trial court of jurisdiction over every phase of the action, but only in so far as the issues in contestation on appeal are concerned. As to matters not in controversy on appeal, the trial court may render interlocutory orders and definitive judgments.

We think the order of the district judge was a proper exercise of his discretionary powers. Therefore the rule heretofore issued herein is recalled and vacated, and relator's application is dismissed at his cost.

O'NIELL, C. J., and ROGERS, J., dissent on the ground that the evidence in the case ought to remain in the court of original jurisdiction while the case is pending on appeal.